**ALD-211**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————

No. 19-1977
——————

IN RE: RICHARD ARJUN KAUL, MD
                                                Petitioner

————————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. No. 2-16-cv-02364)

————————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 13, 2019

Before: MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: July 23, 2019)
—————

OPINION*
—————

PER CURIAM

    Richard Kaul, proceeding pro se, has filed a petition for a writ of mandamus compelling the United States District Court for the District of New Jersey to adjudicate his motion for summary judgment. For the reasons that follow, we will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kaul filed a complaint in District Court against numerous defendants after the New Jersey State Board of Medical Examiners revoked his medical license. In his second amended complaint, Kaul claimed, among other things, that physicians, medical organizations, insurance companies, and others had conspired to have his license revoked. He brought claims under the Racketeer Influenced and Corrupt Organizations Act, the Sherman and Clayton Acts, 42 U.S.C. § 1983, and state law.

The defendants filed motions to dismiss the second amended complaint. On February 22, 2019, the District Court dismissed Kaul's federal claims with prejudice and his state law claims without prejudice for lack of subject matter jurisdiction. Kaul then filed a letter seeking various forms of relief, including reversal of the February 22, 2019 decision. The letter, construed in part as a motion for reconsideration, is pending.

On March 12, 2019, the District Court issued an order administratively terminating a summary judgment motion that Kaul had filed against defendant Allstate New Jersey Insurance Company. The District Court stated that the motion was moot in light of its order granting Allstate's motion to dismiss the second amended complaint. Kaul then filed the present mandamus petition asking us to compel the District Court to adjudicate his summary judgment motion against Allstate on the merits.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is

2

discouraged.'" Id. A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the writ is clear and indisputable. Id.

Kaul relies on In re School Asbestos Litigation, 977 F.2d 764, 792-93 (3d Cir. 1992), where we concluded that a writ of mandamus is a proper remedy when a district judge arbitrarily refuses to rule on a summary judgment motion, which is a critical part of a case. We held that the district court had acted with impermissible arbitrariness by dismissing a summary judgment motion as untimely without any set deadlines for the filing of such motions. In re School Asbestos Litig., 977 F.2d at 795.

Kaul has not shown that there was an arbitrary refusal to rule here. The District Court ruled that Kaul's summary judgment motion, which sought a judgment under Federal Rule of Civil Procedure 56 based on documents he asserted supported the claims in his complaint, was moot because his claims had been dismissed. In other words, the District Court decided that, absent a pending claim, summary judgment could not be granted. Kaul has not shown a right to a writ based on our decision in In re School Asbestos Litigation or on any other basis.

Accordingly, we will deny the petition for a writ of mandamus.